UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HAROLD McMILLAN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 00-2448 (PAM/SRN)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY WRIT SHOULD NOT BE GRANTED**

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that he is incarcerated at the Federal Correctional Institution at Waseca, Minnesota, in violation of his rights under the United States Constitution.

Respondent is directed to make a Return in writing within 20 days from the date of this order, certifying the true cause and propriety of Petitioner's conviction(s), and showing cause why the writ should not be granted.

The Return shall be filed with the Court and shall include:

1. Such affidavits and exhibits as are needed to establish the lawfulness of Petitioner's confinement;

2. A reasoned memorandum of law and fact explaining why Respondent believes the writ should not be granted, and setting forth Respondent's recommendation as to whether an evidentiary hearing should be conducted in this matter;

3. A certified copy of such of the following as may be material to the issues raised by the petition: the Indictment, the plea, the judgment, the trial record, or, if the petitioner pleaded guilty, a transcript of the proceedings at which he pleaded guilty, as well as any

FILED NOV 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

other written materials that may be germane to the issues presented in the petition.

Because Petitioner is challenging the validity of his federal criminal conviction(s), the habeas corpus remedy provided by 28 U.S.C. § 2241 is available to him only if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 [fifth paragraph]. If Respondent believes that Petitioner is currently ineligible for habeas relief under § 2241, because he cannot demonstrate that the remedy provided by § 2255 is inadequate or ineffective, Respondent may raise that argument by filing a motion to dismiss in lieu of a Return addressing Petitioner's claims on the merits. If Respondent does file such a motion, Respondent will be excused from filing a more complete Return until ordered to do so.

Based on the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

Within 20 days after the date of this order, Respondent shall file either (a) a written Return to Petitioner's application for a writ of habeas corpus, consistent with the terms of this order, or (b) a motion to dismiss the petition on the grounds that 28 U.S.C. § 2255 [fifth paragraph] bars Petitioner from seeking habeas corpus relief under 28 U.S.C. § 2241.

Dated: November 7, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge