UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HAROLD McMILLAN,

Petitioner,

Civil No. 00-2448 (PAM/SRN)

v.

REPORT AND RECOMMENDATION

UNITED STATES OF AMERICA,

Respondent.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2241. The Government has brought a Motion to Dismiss Petitioner's Petition for Habeas Corpus (Doc. No. 5). The matter has been referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Government's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus be granted.

## I. BACKGROUND

In 1993, Petitioner, Harold McMillan, was found guilty of conspiracy to possess and distribute more than five kilograms of cocaine and aiding and abetting the distribution of cocaine.[1] In June 1995, Petitioner brought his first collateral attack on his conviction

---

[1]The District Court enhanced Petitioner's sentence by two levels, due to a finding that Petitioner was an "organizer" within the meaning of U.S.S.G. § 3B1.1(c), and sentenced

FILED MAY 02 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

by filing a motion pursuant to 28 U.S.C. § 2255. Petitioner asserted the following: (1) the District Court violated Fed. R. Crim. P. 8(b) and 14 by refusing to grant two separate trials for the two counts of the Indictment; (2) Petitioner received ineffective assistance of counsel at trial, at sentencing, and on appeal; and (3) the sentence imposed exceeded the statutory maximum. (Gov't Exs. B, C, Doc. No. 7.) In July 1996, United States Magistrate Judge John M. Mason, issued a Report and Recommendation, recommending that Petitioner's § 2255 motion be denied. (Id.) In September 1996, United States District Court Judge Ann D. Montgomery issued an Order adopting, in its entirety, the Report and Recommendation and dismissed Petitioner's motion with prejudice. (Gov't Ex. C, Doc. No. 7.)

Petitioner appealed the District Court's Order to the Eighth Circuit Court of Appeals. (Gov't Ex. D, Doc. 7.) The Eighth Circuit Court of Appeals treated the appeal as an Application for a Certificate of Appealability and denied Petitioner's request on December 23, 1996. (Gov't Ex. E, Doc. No. 7.) Petitioner then filed a petition for a rehearing, which was denied on March 6, 1997. (Gov't Ex. D, Doc. No. 7.) Petitioner moved for reconsideration of the March 6, 1997 ruling, which was denied on March 31, 1997. (Id.) On July 12, 1999, Petitioner moved to recall the mandate. The Eighth Circuit

---

Petitioner to a term of 282 months imprisonment. On direct appeal, Petitioner challenged his conviction to the Eighth Circuit Court of Appeals, which affirmed the District Court's reasoning, but remanded for re-sentencing after finding that U.S.S.G. § 3B1.1(c) required a four level enhancement. United States v. McMillan et al., 49 F.3d 362, 366-67 (8th Cir. 1995). On remand, Petitioner was resentenced according to the four level enhancement within the higher guideline range, but the District Court departed downward from the guidelines and sentenced Petitioner to 282 months imprisonment.

Court of Appeals denied Petitioner's request on July 27, 1999. (Id.)

In December 1997, Petitioner filed a Motion, under Fed. R. Civ. P. Rule 60(b), to Reopen and Reconsider Petitioner's § 2255 Motion. (Gov't Ex. F, Doc. No. 7.) Petitioner argued that he had a "newly discovered issue" and "newly discovered evidence" to support the claims of his § 2255 motion. (Gov't Ex. F, Doc. No. 7.) The District Court denied this motion based on a determination that Petitioner had not demonstrated the type of "exceptional circumstances" that would warrant relief from a prior judgment. (Gov't Ex. G, Doc. No. 7.) Petitioner then filed a motion under Fed. R. Civ. P. 59(e) seeking reconsideration of the Court's denial of his Rule 60 motion, which was denied on July 16, 1998, because the Court found that Petitioner "simply reassert[ed] the same arguments that the Court had considered and rejected in ruling on the prior Rule 60 motion." (Id.) Petitioner filed a Notice of Appeal with regard to the May 14, 1998, and July 16, 1998, Orders, which the Court construed as an Application for a Certificate of Appealability and denied. (Id.)

On January 25, 2000, Petitioner filed an Application for an Order to File a Second or Successive Motion in the District Court for a Writ of Habeas Corpus under 28 U.S.C. § 2255. (Gov't Ex. I, Doc. No. 7.) Petitioner argued that a second § 2255 motion was warranted because: (1) Petitioner had a new piece of evidence, an affidavit from a co-defendant, Morris Botiz, stating that Petitioner was not involved in a conspiracy; (2) Petitioner believed that the application and affidavit of I.R.S. Special Agent Paul Wheeler for a May 20, 1992, search warrant failed to establish probable cause; and (3) Petitioner's

Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to suppress the defects in the search warrant. (Id.) On April 19, 2000, the Eighth Circuit Court of Appeals denied Petitioner's request to file a second § 2255 motion. (Gov't Ex. I, Doc. No. 7.)

Petitioner now seeks collateral review of his conviction and sentence under 28 U.S.C. § 2241.

## II. DISCUSSION

Generally, a federal prisoner can only maintain a collateral challenge to his conviction or sentence by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. In some instances, when a petitioner's application for relief is incorrectly brought under 28 U.S.C. § 2241, the court may construe the collateral challenge as a motion brought under § 2255 and transfer the claims to the trial court. In this case, however, Petitioner is precluded from seeking relief under § 2255 in the trial court, because he has already done so once before. Any § 2255 action that Petitioner might now attempt to maintain would have to be construed as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255.

The Court of Appeals can approve a second successive petition if it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have

> found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Petitioner sought review under subsection (1) of this statute in his Application for an Order to File a Second or Successive Motion in the District Court for a Writ of Habeas Corpus under 28 U.S.C. 2255(1). (Gov't Ex. I, Doc. No. 7.) In that application, Petitioner argued that newly discovered evidence clearly and convincing established that he was not guilty. (Id.) Petitioner offered two affidavits as new evidence to the Eighth Circuit Court of Appeals. The first affidavit was a statement from Petitioner's co-defendant, Morris Botiz, in which Mr. Botiz "clearly absolves petitioner of any complicity in the Botiz conspiracy." (Id. at pp. 6-8.) The second affidavit was a search warrant affidavit filed by I.R.S. Special Agent Paul Wheeler for the May 20, 1992, search warrant application for Petitioner's home. (Id. at p. 10.) Petitioner asserts that Special Agent Wheeler failed to alert the signing Magistrate Judge that the probable cause information being used for the warrant was previously used to support a warrant issued in 1991. (Id. at pp. 10-12.) Petitioner argued that this omission should result in a finding that the search pursuant to the warrant was a violation of Petitioner's Fourth Amendment rights. (Id.)

After reviewing Petitioner's newly discovered evidence, the Eighth Circuit Court of Appeals denied Petitioner's request to file a second § 2255 motion. (Gov't Ex. J, Doc. No. 7.)

Petitioner argues that despite the Eighth Circuit Court of Appeals' denial of his request to file a second § 2255 motion, this Court should allow him to assert the same claims under the "savings clause" of 28 U.S.C. § 2255. The "savings clause" provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Thus, a federal prisoner may only challenge the validity of his sentence under § 2255, unless he can affirmatively demonstrate that such a motion "is inadequate or ineffective to test the legality of...[his] detention." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986). It is Petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. United States v. Lurie, 207 F.3d 1075, 1078 (8th Cir. 2000).

Petitioner argues that his remedy under § 2255 is "inadequate or ineffective" because: (1) Petitioner has exhausted all of his remedies under § 2255, except for the savings clause; (2) it is a fundamental miscarriage of justice to convict and incarcerate an innocent man; (3) Petitioner's counsel rendered ineffective assistance of counsel at the pretrial, trial and appellate levels; (4) Petitioner's trial was "rife" with constitutional violations from the indictment to the appeal; and (5) Petitioner's new evidence shows that the government illegally searched his apartment, the government improperly joined two separate and unrelated conspiracies at trial, and that his counsel's actions fell below the

objective standard of reasonableness. (Petition, Doc. No. 1, pp. 2-5.)

The courts have not clearly defined the term "inadequate or ineffective," but recent circuit cases demonstrate that a procedural barrier to bringing a § 2255 motion is not sufficient grounds for finding that relief is "inadequate or ineffective." The Eighth Circuit Court of Appeals has stated that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied . . . or because petitioner has been denied permission to file a second or successive § 2255 motion . . . or because a second or successive § 2255 motion has been dismissed, . . . or because petitioner has allowed the one year statute of limitations and/or grace period to expire." Lurie, 207 F.3d at 1077, citing (United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (section 2255 not "inadequate or ineffective" merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 528 U.S. 1176 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (section 2255 is not "inadequate or ineffective" simply because § 2255 relief has already been denied, because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)(section 2255 motion is not "inadequate or ineffective" merely because § 2255 relief has already been denied)).

Since the enactment of the AEDPA, circuit courts have recognized only one line of cases in which a § 2255 motion was found to be "inadequate or ineffective." These cases permit habeas corpus review under § 2241 if a Petitioner had no reasonable opportunity to

obtain correction of a fundamental defect when challenging their sentence or conviction under Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L.Ed.2d 472 (1995).[2] Petitioner, however, is unable to rely on the Bailey exception.

Petitioner's claim is not based on the reasoning Bailey, or any other claim resting on a retroactively applicable Supreme Court decision. Rather, Petitioner asserts that newly discovered evidence shows clearly and convincingly that he was innocent of his crime. Petitioner's newly discovered evidence consists of the affidavit of I.R.S. Special Agent Paul Wheeler and the affidavit of Morris Botiz, the same two affidavits that he presented to the Eighth Circuit Court of Appeals in his Application for an Order to File a Second or Successive Motion in the District Court for a Writ of Habeas Corpus under 28

---

[2] Bailey addressed the correct interpretation of 18 U.S.C. § 924(c)(1), which punishes anyone who uses or carries a firearm during or in relation to a drug trafficking crime. Bailey v. United States, 516 U.S. 137, 142-43, 116 S. Ct. 501, 505, 133 L.Ed.2d 472 (1995). The Supreme Court rejected the reasoning of the Circuit Courts of Appeal and narrowed the definition of the term "use" to require active employment of the firearm. Id. at 143, 116 S. Ct. at 506.

Post Bailey, prisoners who had been convicted pursuant to 18 U.S.C. § 924, under an incorrect interpretation of the term "use," collaterally attacked their convictions under § 2255. See In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361, 379 (2d Cir. 1997); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). However, those prisoners who had already filed their first § 2255 motion were barred from filing a second or successive motion because of the stringent requirements in § 2255. As a result, the prisoners' sought relief through habeas corpus petitions under § 2241. The courts addressing this issue recognized that a petitioner may be entitled to the protections of the savings clause in § 2255, if a petitioner had no "reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." Davenport, 147 F.3d at 611; see also Triestman, 124 F.3d at 380-81; and In re Dorsainvil, 119 F.3d at 248.

U.S.C. 2255(1).

Petitioner is presently attempting to raise identical claims here, based on the same alleged new evidence, and therefore is asking this Court to review a decision previously rendered by the Eighth Circuit Court of Appeals. It is clear from these facts that Petitioner received more than ample opportunity to collaterally attack his conviction. Petitioner cannot now come before this Court and claim that he has not received the full benefit of the remedy provided to him by § 2255, when (1)he was able to bring a § 2255 motion, albeit an unsuccessful one, before the court that sentenced him, and (2) he presented his alleged new evidence to the Eighth Circuit Court of Appeals for review. See Charles, 180 F.3d at 757-58 (a denial of relief under § 2255 does not render a remedy under § 2255 inadequate or ineffective).

If Petitioner's reasoning were accepted, then any prisoner whose § 2255 claims were barred could bring his claims in a § 2241 habeas corpus petition. This interpretation would render § 2255 meaningless because every prisoner whose claims had been denied or defaulted could simply contend that the remedy provided by § 2255 had become "inadequate or ineffective" and that he was therefore entitled to bring his claims in a § 2241 habeas corpus action. See In re Davenport, 147 F.3d at 608 (noting the AEDPA limitation would be nullified if a prisoner could simply turn to § 2241 for relief when prevented from obtaining relief under § 2255). Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241 because he had a reasonable opportunity to raise his current claims for relief in his Application for an Order to File a Second or Successive Motion in

the District Court for a Writ of Habeas Corpus under 28 U.S.C. § 2255. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under that statute.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, it is hereby recommended that:

(1) The Government's Motion to Dismiss Petitioner's Petition for Habeas Corpus (Doc. No. 5) be **GRANTED**;

(2) Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2241, (Doc. No. 1) be **DISMISSED WITH PREJUDICE**.

Dated: May 2, 2001

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.