UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harold McMillan,

Petitioner,

v.

United States of America,

Respondent.

Civ. File No. 00-2448 (PAM/SRN)

**ORDER**

---

This matter is before the Court on Petitioner Harold McMillan's Application to Proceed In Forma Pauperis on Appeal. In November 2000, Petitioner, a prisoner at the Federal Correctional Institution in Waseca, Minnesota, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Court subsequently denied his petition, and Petitioner now seeks to appeal that denial. He did not pay a filing fee on appeal, but instead filed the instant application seeking leave to proceed in forma pauperis, ("IFP").

Because Petitioner is a prisoner, his IFP application is subject to the requirements set forth in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b). This section provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or

FILED JUL 24 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(Emphasis added.)

According to this statute, prisoners who are granted IFP status are not excused from paying the appellate court filing fee. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the appeal, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Petitioner's IFP application includes a statement that shows that his average monthly deposit in his inmate trust account during the five-month period from October 2000 through February 2001 was $85.67, and that his average monthly balance

during the same period was $157.54.[1] Because the average monthly balance amount is greater than the average monthly deposit amount, Petitioner's initial partial filing fee will be twenty percent (20%) of the average balance amount. Therefore, pursuant to § 1915(b)(1), Petitioner must pay a partial appellate filing fee of $31.50 ($157.54 x 20% = $31.50). The remaining balance of the $105.00 filing fee will be paid in later installments. Prison officials should deduct funds from Petitioner's trust account and submit such funds to the Eighth Circuit Court of Appeals, as provided by § 1915(b)(2).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Application to Proceed Without Prepayment of Fees on Appeal (Clerk Doc. No. 13) is **GRANTED**; and

2. Petitioner is required to pay an initial partial appellate filing fee of $31.50.

Dated: July 23, 2001

Paul A. Magnuson
United States District Court Judge

---

[1] Although the applicable statute requires prisoner IFP applicants to provide financial information for the six-month period preceding the filing of an action, it appears that Petitioner made a good faith effort to comply with the IFP rules. Furthermore, Petitioner likely had little control over the financial information provided with his IFP application. Such information presumably was supplied by prison officials at the institution where Petitioner is confined, as is required by § 1915(a)(2), rather than by Petitioner himself. Petitioner's initial partial filing fee will therefore be determined on the basis of the limited financial information provided with his IFP application.